# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LISA A. PECJAK,**
**Claimant Below, Petitioner**

**vs.)     No. 16-1072** (BOR Appeal No. 2051262)
                          (Claim No. 2011018465)

**WAL-MART ASSOCIATES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lisa A. Pecjak, by Christopher J. Wallace her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wal-Mart Associates, Inc., by Karin L. Weingart its attorney, filed a timely response.

The issue on appeal is whether temporomandibular joint dysfunction ("TMJ") should be added as a compensable component of the claim. This appeal originated from the January 2, 2015, claims administrator's decision denying the request to add cervicalgia[1] and TMJ as compensable secondary conditions to the claim. In its April 25, 2016, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated October 24, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The denial of cervicalgia is not on appeal before this Court.

1

Lisa A. Pecjak, a cashier, was injured in the course of her employment on November 25, 2010, when she was struck in the left side of her face with a role of labeling tape thrown by a co-worker. Ms. Pecjak finished her shift and then proceeded to the emergency room. The report noted that mild swelling was present over the left lower jaw with no abrasions or obvious bruising. A CT scan was performed and revealed no evidence of acute fracture of the facial bones. The mandible was intact, as well as the pterygoid plates and orbital walls. According to the CT scan, no focal soft tissue swelling of the face was apparent. Ms. Pecjak was diagnosed with left facial contusion.

On November 29, 2010, Ms. Pecjak sought treatment from Nathan Duer, M.D., who assessed traumatic left TMJ and referred her to an oral surgeon for further evaluation. Ms. Pecjak subsequently presented to Steven Krakora, D.M.D., for treatment. She informed Dr. Krakora that her facial pain had started prior to the trauma but was more severe now. Dr. Krakora diagnosed myofascial pain syndrome secondary to bruxism (grinding of the teeth) and trauma, no evidence of fracture, and contusion on the mandible. Ms. Pecjak continued to seek treatment from Dr. Duer through January of 2011. At that time, Dr. Duer stated that there was nothing more medically he could do for her. His assessment remained TMJ.

On February 17, 2011, Ms. Pecjak presented to West Virginia University School of Dentistry with complaints of left jaw pain resulting from trauma one year prior to the TMJ diagnosis. Upon palpation, there was severe popping and cracking on the left side for which no teeth appeared to be the cause. The assessment indicated that a left disc appeared to possibly be displaced. On May 3, 2011, Ms. Pecjak began seeking treatment at Cornerstone Care. Ms. Pecjak reported that she had recently undergone testing and was diagnosed with trigeminal neuralgia. Shannon Scango, PA-C, evaluated Ms. Pecjak and listed her assessment as trigeminal neuralgia and TMJ.

Ms. Pecjak presented to the emergency room on June 7, 2011. She complained of pain from TMJ and associated pain in her left ear, as well as numbness and tingling throughout her left face. Ms. Pecjak also attributed a recent nose bleed to "nerve damage" from the TMJ. She was evaluated by Owen Lander, M.D., and Aladdin Timbayan, M.D., both of whom assessed TMJ and trigeminal neuralgia. Ms. Pecjak was instructed to contact her dentist.

On September 11, 2011, Ms. Pecjak began presenting to Jefferson Pain and Rehabilitation Center. On that day, Ms. Pecjak was evaluated by Zheng Wang, M.D., Ph.D., and he reported that Ms. Pecjak was making progress with conservative management of physical therapy, a nerve block, and injection therapy under the diagnoses of sprain/strain of the neck, Teltze's disease, left TMJ, left facial trauma, and left cervical strain.

At some point during the course of her treatment, Ms. Pecjak requested that the diagnoses of TMJ and cervicalgia be added as compensable secondary conditions to the claim. Ms. Pecjak has an extensive and significant history of dental issues that began as early as April 6, 2005, when it was noted in a medical report that she had six chipped teeth. In 2006, Ms. Pecjak was treated for headaches and left facial pain. On June 30, 2008, Ms. Pecjak presented to the

2

emergency room with complaints of dental pain. The report noted that Ms. Pecjak had poor dentition.

Ms. Pecjak's history of poor dental hygiene continued after the compensable injury. On July 25, 2012, Ms. Pecjak presented to the emergency department for complaints of dental pain. She stated that she had multiple dental cavities. She was assessed with dental cavity and abscess, prescribed antibiotics, and advised to follow-up with a dentist as soon as possible. Ms. Pecjak returned to see Ms. Scango at Cornerstone Care on October 23, 2012, for worsening TMJ symptoms. Ms. Pecjak stated that she had recently seen a dentist who encouraged her to have some teeth pulled. On October 29, 2012, Ms. Pecjak presented to the emergency room again and was diagnosed with dental abscess and widespread dental decay. Ms. Pecjak then returned to Dr. Krakora on October 31, 2012, and it was indicated that she had severe decay and periodontal disease. Severe bone loss was also noted. Dr. Krakora's plan was to extract all of the remaining upper teeth. After surgical extraction, the diagnosis was irreversible pulpitis and non-restorable, severe periodontal disease.

In an effort to have TMJ added to the claim, Ms. Pecjak underwent an independent medical evaluation performed by Charles Werntz, III, D.O., on October 25, 2011. Dr. Werntz reported that Ms. Pecjak's underlying injury occurred when she was struck in the side of the head by a roll of labeling tape at work. The diagnoses were left sided facial trauma with injury to the musculature overlying the side of the left jaw and TMJ on the left. Dr. Werntz reported that Ms. Pecjak's symptoms were essentially untreated from the date of injury until September of 2011. He opined that Ms. Pecjak's current symptoms are related to the workplace injury as there is no evidence suggesting another cause. Dr. Werntz opined that Ms. Pecjak was not at maximum medical improvement and that she should complete the course of pain treatment therapy and physical therapy in order to reach maximum medical improvement.

Dr. Krakora, Ms. Pecjak's treating dentist, evaluated Ms. Pecjak on March 26, 2013, and noted that she had experienced facial pain for several years. He diagnosed myofascial pain syndrome secondary to bruxism. Dr. Krakora recommended that Ms. Pecjak see Thomas Braun, D.M.D., who specialized in TMJ. Ms. Pecjak was seen by Dr. Braun on April 25, 2013. Dr. Braun reported "an impression of traumatic osteoarthrosis, left temporomandibular joint, awaiting confirmation". His plan was to have MRIs taken before considering scheduling arthroplasty of the left temporomandibular joint.

On May 7, 2013, Ms. Pecjak presented to Jefferson Pain and Rehabilitation Center and was evaluated by Joseph Phillips, NP. The assessment was drug abuse, other mixed, or unspecified nondependent drug use; cervical myofascial pain syndrome; and TMJ. Mr. Phillips reported that Ms. Pecjak was to stop taking pain medication. Ms. Pecjak's family discarded all of her pain medications in the office. Ms. Pecjak could return for injections but was not to have narcotics.

Ms. Pecjak underwent a second independent medical evaluation performed by Christopher Martin, M.D., on May 24, 2013. Upon evaluation, the jaw revealed "normal alignment and no evidence of swelling, ecchymosis, or other abnormalities." The right jaw was

"non-tender to palpation." Dr. Martin noted Ms. Pecjak was "diffusely tender throughout the left mandible and temporomandibular joint." She was tender to very superficial palpation. She opened and closed her mouth with no palpable clicking or other abnormalities. It was noted that Ms. Pecjak had no teeth for the entire upper area with no evidence of denture. Dr. Martin opined that she sustained a relatively minor contusion to the left jaw on November 25, 2010, as the reported mechanism of injury was minor and Ms. Pecjak had a tendency to embellish. He noted that the CT scan on the date of injury was completely unremarkable. Ms. Pecjak had reported being hit in the middle of the jaw, but the abnormalities were at the end of the jaw bone, an anatomically different region approximately four inches away from the site of impact. Dr. Martin opined that Ms. Pecjak did not sustain an injury to the temporomandibular joint as the CT scan performed on the date of injury definitively ruled out any fracture related to the injury. Dr. Martin could not find any clinical objective findings during his examination. He also noted that Ms. Pecjak experienced a weight gain of forty pounds which was not consistent with a significant jaw injury. Dr. Martin reported he was unable to explain why Ms. Pecjak continued to have ongoing symptoms following a minor facial contusion two and one half years prior. He opined that there was an underlying psychiatric diagnosis, possibly an anxiety disorder or other mood disturbance. Dr. Martin also opined that the documented abuse of pain medications was a relevant consideration and may have played a role in Ms. Pecjak's reports of debilitating symptoms out of proportion to any objective abnormalities. He opined that Ms. Pecjak had fully recovered from the compensable injury and had reached maximum medical improvement.

On August 27, 2013, Dr. Braun performed an open temporomandibular joint arthroplasty to treat traumatic arthropathy, articular disc disorder on the left side. The same procedure was performed on the right side on November 25, 2014. On January 2, 2015, the claims administrator denied Ms. Pecjak's request to add TMJ[2] as secondary conditions to the claim, stating that the requested conditions were not caused by or related to the compensable injury.

Dr. Martin authored an addendum to his independent medical evaluation on November 12, 2015. He stated that based upon a review of additional records, his opinions rendered in the earlier report remain unchanged and were felt to be reinforced. Dr. Martin opined there was no basis to ascribe a diagnosis of TMJ as a result of the compensable injury, which was supported by the diagnosis and subsequent surgery of the right temporomandibular joint, the opposite jaw of the one that she reported to have injured. The operative reports reflected that the same surgery was performed on both sides. Dr. Martin noted that the fact that Ms. Pecjak was symptomatic bilaterally was evidence against unilateral trauma as a cause. He added that there was credible medical evidence of poor dentition, cracked teeth, a dental abscess, and multiple dental extractions, some of which pre-dated her work-related injury and these symptoms could have overlapped with what was ascribed as TMJ.

On April 25, 2016, the Office of Judges issued an Order affirming the claims administrator's decision denying the addition of TMJ to the claim. The Office of Judges found that Ms. Pecjak's argument was not persuasive and relied upon the opinion of Dr. Martin. First, the mechanism of injury was not serious. Ms. Pecjak was hit in the face with a role of labels. The

---

[2] *See Supra* note 1.

4

diagnosis from the emergency room was left facial contusion, which the Office of Judges noted is not a severe diagnosis. Secondly, Ms. Pecjak had TMJ on both the left and right and had surgery for both sides. The Office of Judges noted that this did not occur as a result of the compensable injury of a left facial contusion. Finally, the Office of Judges noted that the record is replete with reports concerning poor dentition, cracked teeth, dental abscesses, and multiple dental extractions. In fact, a note from Dr. Krakora indicated that Ms. Pecjak had facial pain for several years prior to 2013, which he diagnosed as myofascial pain syndrome secondary to bruxism. Finally, the Office of Judges noted that Ms. Pecjak's attorney sought to have TMJ added as a diagnosis, not any physician. Thus, the Office of Judges denied the addition of TMJ to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 24, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Pecjak has an established medical record showing extremely poor dentition that would suggest symptoms that overlap with TMJ. Additionally, Ms. Pecjak underwent surgery to treat TMJ on both the right and left sides, which does not suggest that the condition was caused by the unilateral trauma she sustained in the workplace.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker